804 P.2d 100

**In re COMMODORE 128 PERSONAL COMPUTER WITH ACCESSORIES.**

**Milagros JOHNSON, Claimant–Appellant,**

**v.**

**The STATE of Arizona, Respondent–Appellee.**

**No. 1 CA–CV 88–570.**

Court of Appeals of Arizona, Division 1, Department A.

April 17, 1990.

Review Denied Feb. 5, 1991.

Nancy L. Hinchcliffe, Phoenix, for claimant-appellant.

Office of the Yavapai County Atty. by Ethan A. Wolfinger, Deputy County Atty., Prescott, for respondent-appellee.

OPINION

KLEINSCHMIDT, Judge.

This is an appeal from a judgment forfeiting to the state a computer that was used in an illegal attempt to gain access to long-distance telephone facilities. We find the forfeiture was not authorized by law.

For three months ending in February 1988, someone using a computer repeatedly

attempted to enter the Yavapai Telephone Exchange long-distance system using unauthorized personal identification numbers. An investigation conducted by the Exchange and Mountain Bell revealed that these attempts originated from a telephone located in the appellant's apartment. The apartment was searched pursuant to a warrant, and the computer that was used in the attempt to gain access to the long-distance system was found in the bedroom used by the appellant's son and seized.

The State of Arizona filed a verified petition for forfeiture of the computer. In this case, the computer was lawfully seized under a search warrant issued in aid of an investigation of computer fraud under A.R.S. section 13–2316. The subsequent petition for forfeiture stated that it was an *in rem* forfeiture action brought pursuant to A.R.S. section 13–4311, which prescribes the procedure for forfeiture "[i]f a forfeiture is authorized by law." A.R.S. § 13–4311(A). The petition cited A.R.S. section 13–2316 as the statutory authority for the forfeiture.

Arizona Revised Statutes section 13–2316 provides:

A. A person commits computer fraud in the first degree by accessing, altering, damaging or destroying without authorization any computer, computer system, computer network, or any part of such computer, system or network, with the intent to devise or execute any scheme or artifice to defraud or deceive, or control property or services by means of false or fraudulent pretenses, representations or promises.

B. A person commits computer fraud in the second degree by intentionally and without authorization accessing, altering, damaging or destroying any computer, computer system or computer network or any computer software, program or data contained in such computer, computer system or computer network.

C. Computer fraud in the first degree is a class 3 felony. Computer fraud in the second degree is a class 6 felony.

At the hearing, the state proved how a computer could be used to discover personal identification numbers to enter the Exchange's long distance system. It also proved how, in three days of monitoring the appellant's telephone, as many as 300 attempts to enter the system were made. There was testimony from an employee of the Exchange that this resulted in various losses to the Exchange, including amounts charged by Mountain Bell in helping investigate, prevention of Exchange customers from using the system because of the limited number of available lines, and loss of employee time in tracing the problem. In all, about 3,000 attempts to enter the system were traced to the appellant's telephone.

Much of the other testimony dealt with whether the computer belonged to the appellant and her family or whether it was the son's sole property. The appellant testified that she had no idea that her son had been using the computer for an illicit purpose. A judgment of forfeiture was entered in favor of the state. The appellant timely filed a notice of appeal.

■ The first problem with the judgment of forfeiture is that the computer fraud statute does not authorize forfeiture of property used in the commission of that crime. The state apparently concedes this, because in its brief it argues only, and as far as we can tell for the first time, that the forfeiture was predicated upon the racketeering statute, A.R.S. section 13–2314(F)(3). The state does not explain how it can, or why it should be allowed to, switch horses in midstream. It cannot, and this would be reason enough to vacate the order of forfeiture. But even if the state could rely on the racketeering statute, it failed to establish the necessary elements of a crime under that provision.

■ The racketeering statute, A.R.S. section 13–2314, does provide for forfeitures to the state:

F. In addition to or in lieu of an action under this section the state may file an action pursuant to chapter 39 of this title for forfeiture, to the extent not already ordered paid pursuant to this section, of:

. . . .

3. *All proceeds traceable to an offense included in the definition of racketeering in § 13–2301, subsection D, paragraph 4 and all* monies, negotiable instruments, securities, *property and other things of value used or intended to be used in any manner or part to facilitate the commission of the offense.*

(Emphasis added.) Racketeering is defined in A.R.S. section 13–2301:

D. For the purposes of §§ 13–2312 through 13–2315, unless the context otherwise requires:

. . . .

4. *'Racketeering' means any act,* including any preparatory or completed offense, committed for financial gain, *which is chargeable or indictable under the laws of the state in which the act occurred and,* if the act occurred in a state other than this state, would be chargeable or indictable under the laws of this state had the act occurred in this state and *punishable by imprisonment for more than one year,* regardless of whether such act is charged or indicted, *involving:*

. . . .

(e) *Theft.*

(Emphasis added.)

The state argues that the evidence in this case supports a finding that the appellant's son committed theft of long-distance telephone services for financial gain which resulted in $20,000 damage and loss to the Exchange, a Class 3 felony under A.R.S. section 13–1802. It insists that forfeiture to the state was authorized under A.R.S. section 13–2314(F)(3), and section 13–2301(D)(4), racketeering-theft.

We have reviewed the transcripts in this case and find that counsel's assertion that there was $20,000 damage and loss to the Exchange resulting from appellant's son's conduct is not supported by the record.

Q. [By Counsel for the State]: Now, are you familiar—has your company experienced problems with, quote unquote, people hacking your system?

A. [By Bill Liggett, an Exchange employee]: Every long-distance carrier in the world has that problem. Yes, we

have. We have suffered I would—I can't remember the final figures, but at least $20,000 worth of access losses because of it.

Q. Is it a serious problem?

A. It's a serious problem. In the billions nationwide.

Although the Exchange has suffered a total of $20,000 in access losses based on computer hacking, no evidence was presented as to the portion of these losses for which the appellant's son was responsible. There was no evidence that the appellant's son ever obtained access to the Exchange's system to actually make long-distance telephone calls. Nor was there any evidence of the value of the alleged theft.

In order for theft to be punishable by more than one year of imprisonment, it must be a class 6 felony. *Cf.* A.R.S. § 13–701(C)(5) (term of imprisonment for class 6 felony is one and one-half years) *with* A.R.S. § 13–707(A) (maximum term of imprisonment for class 1 misdemeanor is six months). The theft of property or services must have a value of $250 or more to constitute a class 6 felony. *See* A.R.S. § 13–1802(C). Without establishing a theft valued at $250 or more, there is no evidence to support a finding of racketeering-theft under A.R.S. section 13–2301(D)(4)(e). Without this evidence, there is no statutory authorization for the forfeiture of the computer.

We note that A.R.S. section 13–2301(D)(4)(t) defines racketeering to include a scheme or artifice to defraud, which is one element of first degree computer fraud. *See* A.R.S. § 13–2316(A). No evidence was presented as to the degree of the alleged computer fraud committed, nor has the state argued the applicability of this subsection.

For these reasons, the state has failed to establish that the forfeiture was authorized by law. Based on our resolution of this issue, it is not necessary to address the other issues raised by the appellant.

The judgment of forfeiture is vacated. The trial court, pursuant to A.R.S. section

13-4314, shall order the return of the property to the appellant. Appellant's request for costs and attorney's fees is denied.

CLABORNE, P.J., and EHRLICH, J., concur.